UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REGINALD WAYNE WILTON ,

                    Plaintiff,

        v.

TOMAS FITHIAN, et al.,

                    Defendants.

Case No. 3:21-cv-5596-MJP-TLF

REPORT AND
RECOMMENDATION

Noted for October 21, 2022

This matter comes before the Court on defendants' motion for summary judgment (Dkt. 58), plaintiff's motion for extension of time (Dkt. 64), plaintiff's motion to modify motion for summary judgment (Dkt. 71), plaintiff's motion requesting to file supplemental pleading (Dkt. 72) and plaintiff's motion for leave to file supplemental pleading (Dkt. 74). For the reasons set forth herein, the Court should grant defendants' motion for summary judgment finding that plaintiff's claims are frivolous and deny plaintiff's remaining motions.

## FACTUAL AND PROCEDURAL BACKGROUND

A. Plaintiff's Complaint

Plaintiff brings this action for alleged violations of plaintiff's rights. Dkt. 21 at 1. Plaintiff alleges that while being housed at Stafford Creek Corrections Center, he was litigating a civil action against the Washington Department of Corrections. Dkt. 21 at 2-3. The complaint states that between August 21, 2018 and August 28, 2018, defendants

1   Brewer and Wilkinson lied to plaintiff about the requirement for filing documents through

2   the facility's mailroom and obstructed plaintiff from filing necessary documents. Dkt. 21

3   at 3. Plaintiff contends that this obstruction prevented plaintiff from timely filing

4   documents; he asserts the defendant's acts or omissions led to the dismissal of

5   plaintiff's lawsuit. Dkt. 21 at 4.

6       Next, plaintiff contends that on August 30, 2018, plaintiff met with Defendant

7   Sharpe to discuss a telephonic hearing scheduled for the following day. Dkt. 21 at 4.

8   The complaint states that on August 31, 2018, Sharpe did not show up on time to assist

9   plaintiff in appearing for the telephonic hearing. Dkt. 21 at 4. Plaintiff alleges that when

10  Sharpe arrived, Sharpe refused to assist plaintiff or call the Court; plaintiff asserts that

11  Defendant Sharpe's acts or omissions resulted in the dismissal of plaintiff's action. Dkt.

12  21 at 5. The complaint contends that Defendants Fithian and Haynes violated plaintiff's

13  rights by failing to take action after being informed of Sharpe's, Brewer's, and

14  Wilkinson's conduct and by failing to properly train or supervise the named defendants.

15  Dkt. 21 at 6.

16      B. Underlying State Court Action

17      In 2015, plaintiff filed an action in Spokane County Superior Court alleging that

18  Department of Corrections employees acted negligently by failing to inform plaintiff

19  about the potential side effects of Tegretol – a medication plaintiff had allegedly been

20  prescribed on December 1, 2011. Dkt. 60-1, 2015 Complaint (Case No. 15-2-04507-0);

21  60-2, 2016 Amended Complaint (Case No. 15-2-04507-0). Plaintiff also alleges that the

22  defendants acted negligently by failing to advise plaintiff of other available treatment

23  options. Dkt. 60-1, 2015 Complaint (11/2/2015); 60-2, 2016 Amended Complaint

24

25

1
2
3
4
5

(11/17/2016). On March 9, 2018, the Spokane County Superior Court issued an order granting defendants' motion for summary judgment. Dkt. 60-3, Order (Case No. 15-2-04507-0). The Court found that no genuine issues of material facts existed, that plaintiff did not present evidence sufficient to support his claims, and held that defendants were entitled to judgment as a matter of law. Dkt. 60-3.

6
7
8
9
10
11
12

On May 25, 2018, plaintiff filed another complaint against the same named defendants as the 2015 litigation. Dkt. 60-4, 2018 Complaint (Case No. 18-2-02385-2). This complaint alleged the same facts – that the named defendants negligently prescribed plaintiff Tegretol on December 1, 2011, without informing plaintiff about the side effects or alternative treatment. Dkt. 60-4. On August 1, 2018, defendants filed a motion to dismiss plaintiff's complaint. Dkt. 61-2, Court Docket (Case No. 18-2-02385-2). Plaintiff filed a motion to continue and a motion for enlargement of time. Dkt. 61-2.

13
14
15
16
17
18
19
20
21
22
23

On September 14, 2018, the Spokane County Superior Court granted defendants' motion to dismiss with prejudice. Dkt. 61-3, Order Granting Defendants' Motion to Dismiss with Prejudice (Case No. 18-2-02385-2). The court explained that it had considered the following documents: defendants' motion to dismiss; memorandum in support of defendants' motion to dismiss; plaintiff's motion for enlargement of time; plaintiff's motion to continue; letter from Mr. Wilton to Mr. Taylor dated July 13, 2018; letter from Mr. Wilton to Mr. Taylor dated August 7, 2018; defendants' response to plaintiff's motion for enlargement of time and motion to continue; declaration of Derek Taylor in opposition to plaintiff's motion for enlargement of time and motion to continue; and plaintiff's reply to defendants' response to plaintiff's motion for enlargement of time and motion to continue. Dkt. 61-3.

24
25

The court held it was unnecessary to rule on plaintiff's motion for enlargement of time and plaintiff's motion to continue because "[t]here is no set of facts which would entitle plaintiff to relief, therefore, neither an enlargement of time nor a continuance will assist in the resolution or defense of defendants' motion." Dkt. 61-3. Further, the court found that no set of facts existed entitling plaintiff to relief because the claims were barred under the statute of limitations and because plaintiff's claims were barred by the doctrine of res judicata. Dkt. 61-3.

The court explained that plaintiff had previously filed the exact same complaint (Case No. 15-2-04507-0) which had been dismissed on the merits. Dkt. 61-3. The court also sent a letter to plaintiff and defense counsel further explaining the Court's order and stating that because plaintiff was unable to appear for the hearing the Court decided the motion on the pleadings. Dkt. 61-4, Letter from The Honorable John O. Cooney (08/31/2018).

DISCUSSION

A.  <u>Rule 56(d) Continuance</u>

The Court should deny plaintiff's motion requesting the Court defer ruling on defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56(d). Dkt. 64.

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

1    declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ.

2    P. 56(d). In order to prevail under Rule 56(d), the party opposing summary judgment

3    must make "'(a) a timely application which (b) specifically identifies (c) relevant

4    information, (d) where there is some basis for believing that the information sought

5    actually exists.'" *Emplrs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox

6    Co.,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard

7    Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)).

8          The burden is on the party seeking additional discovery to proffer sufficient facts

9    to show the evidence sought exists. *Chance v. Pac–Tel Teletrac, Inc.,* 242 F.3d 1151,

10    1161 n.6 (9th Cir. 2001). The Court may deny the request unless the party opposing

11    summary judgment articulates how additional discovery may preclude summary

12    judgment and demonstrates diligence in pursuing discovery thus far. *Qualls v. Blue

13    Cross of Cal., Inc.,* 22 F.3d 839, 844 (9th Cir. 1994).

14          Plaintiff's motion for continuance argues that plaintiff is awaiting certified copies

15    of public disclosure records from the Washington State Department of Corrections

16    Public Disclosure Unit. Dkt. 64 at 2. Plaintiff states these records are necessary

17    because they will reflect which defendants were directly involved in processing and

18    posting outgoing legal mail for inmates. Dkt. 64 at 11.

19          Plaintiff also alleges that these records will reflect which Department of

20    Corrections' employees were involved in denying incarcerated individuals the

21    opportunity to participate in telephonic hearings. Dkt. 64 at 12. Plaintiff maintains that

22    these records will include grievances for which Department of Corrections' employees

23

24

25

were found to be at fault during the time period from October 26, 2015 to October 4, 2021. Dkt. 64 at 11.

Plaintiff also argues that a continuance is necessary to permit plaintiff to obtain affidavits and further discovery. Dkt. 64 at 4. Plaintiff contends that the outstanding public disclosure records are relevant to establishing culpability and will establish at least one necessary element in this litigation. Dkt. 64 at 5.

Plaintiff attached two letters from the Department of Corrections regarding plaintiff's records request. Dkt. 64 at 14-18. The first letter, dated November 9, 2021, states that the requested documents are ready for plaintiff to access. Dkt. 64 at 14. The second letter, dated March 31, 2022, informs plaintiff that no documents were responsive to his request but that similar documents were available for plaintiff to access. Dkt. 64 at 17.

Plaintiff has not demonstrated that continuance is warranted in this action. The records requests referenced by plaintiff are public document requests made to the Washington Department of Corrections Public Records Unit, they are not discovery requests made to any of the named defendants.

Further, plaintiff's motion indicates that the responsive records to plaintiff's requests have been available to plaintiff since November 9, 2021 and March 31, 2022 respectively. Plaintiff has not identified any outstanding records requests.

Additionally, plaintiff has not demonstrated how the requested records may preclude summary judgment. Plaintiff has already submitted records from the underlying Spokane County Superior Court action, declarations in support of plaintiff's opposition, and grievances related to defendants' alleged conduct. Dkt. 21, Exhibits 1-3 at 10-16;

1   Dkt. 68, Exhibits 1-14, at 49-92. The documents that plaintiff requested are grievances

2   related to processing and posting legal mail from inmates between October 26, 2015

3   through October 4, 2021 and grievances related to telephonic hearings between

4   October 1, 2015 through October 31, 2021. Dkt. 65 at 14-18. Plaintiff's motion does not

5   demonstrate how grievances from other inmates over a six-year period would be

6   relevant to plaintiff's claims or support plaintiff's opposition to the motion for summary

7   judgment or would otherwise preclude summary judgment.

8          Based on the foregoing, the Court should deny plaintiff's motion for continuance.

9          B.  Motion for Oral Argument

10         The Court should deny plaintiff's motion for oral argument because the parties

11  have sufficiently briefed the issues and oral argument would not assist the Court.

12         Oral argument is not necessary to decide a motion for summary judgment when

13  the non-moving party would not be prejudiced. *Houston v. Bryan*, 725 F.2d 516, 517-18

14  (9th Cir. 1984). When the parties have had an adequate opportunity to provide the court

15  with evidence and briefing, there is no prejudice in refusing to grant oral argument.

16  *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). Oral argument is not necessary in

17  this action because both parties have had sufficient opportunity to submit evidence and

18  briefing in support of their positions. See, Dkt. 58, Motion for Summary Judgment; Dkt.

19  59, Declaration of Salina Brown; Dkt. 60, Declaration of Sarah Brisbin; Dkt. 61,

20  Declaration of Tina Bushaw; Dkt. 62, Declaration of Denise Brewer; Dkt. 65, Plaintiff's

21  Statement of Disputed Factual Issues; Dkt. 68, Plaintiff's Response to Motion for

22  Summary Judgment and Supporting Exhibits; Dkt. 69 Defendants' Reply; Dkt. 70

23  Declaration of Sarah Brisbin.

24

25

1    Plaintiff's motion also requests that the Court hold an evidentiary hearing so the

2    parties can argue the facts in dispute in this action. An evidentiary hearing is

3    unwarranted because on a motion for summary judgment, the Court cannot perform the

4    jury's function – the Court cannot weigh evidence, draw legitimate inferences from facts,

5    or decide credibility. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

6    The Court should deny plaintiff's motion for oral argument (Dkt. 71).

7    C.  <u>Motion for Leave to File Supplemental Pleadings (Dkt. 72)</u>

8    The Court should deny plaintiff's motion to file supplemental pleadings, and the

9    motion to strike defendants' motion for summary judgment for failure to provide proper

10   notice.

11   Plaintiff's motion for leave to file supplemental pleadings argues that defendants

12   failed to give plaintiff proper notice of defendants' motion for summary judgment. Dkt.

13   72. Plaintiff acknowledges that defendants provided notice of the motion but argues that

14   the notice was "vague, conclusory, and discursive" and does not cite to *Rand v.*

15   *Rowland*, 154 F.3d 952 (9th Cir. 1998). Dkt. 72. Plaintiff's motion requests that the

16   Court strike defendants' motion for summary judgment and allow plaintiff's overlength

17   response brief because defendants failed to give proper notice of the motion for

18   summary judgment. Dkt. 72.

19   The Ninth Circuit has adopted a fair notice requirement for pro se prisoner

20   plaintiff's requiring that pro se prisoner plaintiffs must receive fair notice of the

21   requirements needed to defeat a motion for summary judgment. *Woods v. Carey*, 684

22   F.3d 934, 938 (9th Cir. 2012). The notice must provide in plain understandable terms:

23   notice of the plaintiff's right to file counter-affidavits or other evidentiary materials; that

24

25

1   failing to do so may result in the Court granting summary judgment; and that the

2   granting of summary judgment would terminate the litigation. *Woods*, 684 F.3d at 938.

3   The Ninth Circuit has also provided model language that may be used in such notice.

4   *Woods*, 684 F.3d at 938. The Ninth Circuit does not require defendants use the model

5   language and does not require a citation to any particular Ninth Circuit case.

6          On the same day defendants filed their motion for summary judgment, they also

7   filed a notice to pro se litigant of dispositive motion, along with a certificate of service.

8   Dkt. 63. Plaintiff does not allege that he did not receive this notice. The notice provided

9   by defendants informs plaintiff that a motion for summary judgment has been filed, how

10  plaintiff can oppose the motion, what plaintiff must submit in opposition to the motion

11  and that if the Court grants the motion plaintiff's case would be terminated. Dkt. 63. The

12  notice also cites to the relevant Federal Rules of Civil Procedure. Defendants' notice

13  complies with the Ninth Circuit's fair notice requirement.

14              <u>Second Motion for Leave to File Supplemental Pleading</u>

15          Plaintiff has also filed a second motion for leave to file supplemental pleadings.

16  Dkt. 74. Plaintiff requests that the Court accept plaintiff's proposed surreply responding

17  to defendants' reply in support of defendants' motion for summary judgment.

18          Pursuant to Local Rule 7(g), a party may file a surreply requesting that the Court

19  strike materials contained in or attached to a reply brief. The surreply must be strictly

20  limited to addressing the request to strike, the Court cannot consider any other

21  extraneous arguments. LCR 7(g)(2).

22          Plaintiff does not identify any new facts or evidence that were allegedly

23  improperly introduced in defendants' reply brief. Instead, plaintiff seeks to respond to

24

25

1   defendants' reply brief. Plaintiff has not demonstrated good cause for the Court to

2   consider additional briefing. The parties have fully briefed the issues before the Court

3   and have provided evidence to support their respective positions, supplemental briefing

4   is unwarranted in this action.

5       The Court should deny plaintiff's motion for leave to file supplemental briefing

6   (Dkt. 74) and should not consider plaintiff's proposed surreply (Dkt. 74).

7       D.  Motion for Summary Judgment

8       Summary judgment is supported if the materials in the record "shows that there is

9   no genuine dispute as to any material fact and that the movant is entitled to judgment as

10  a matter of law." Federal Rule of Civil Procedure (FRCP) 56 (a),(c). The moving party

11  bears the initial burden to demonstrate the absence of a genuine dispute of material fact

12  for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

13      A genuine dispute concerning a material fact is presented when there is sufficient

14  evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v.*

15  *Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In this context, materiality means the fact

16  is one that is "relevant to an element of a claim or defense and whose existence might

17  affect the outcome of the suit"; thus, materiality is "determined by the substantive law

18  governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d

19  626, 630 (9th Cir. 1987).

20      The non-moving party is required to show that genuine issues of material fact

21  "'can be resolved only by a finder of fact *because they may reasonably be resolved in*

22  *favor of either party.'" California Architectural Building Prods., Inc. v. Franciscan*

23  *Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson,* 477 U.S. at

24

25

250) (emphasis in original). When the Court considers a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Anderson,* at 255. Yet the Court is not allowed to perform the jury's function – the Court may not weigh evidence, draw legitimate inferences from facts, or decide credibility. *Id.*

If the moving party meets their initial burden, an adverse party may not rest upon the mere allegations or denials of his pleading; his or her response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(c). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015). "The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." *Id.*

42 U.S.C. § 1983 provides "a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor,* 451 U.S. 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.* Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim under Section 1983, a plaintiff must set forth the specific factual basis upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616

F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of officials

participating in a civil rights violation are not sufficient to support a claim under Section

1983. *Ivey v. Board of Regents,* 673 F.2d 266, 269 (9th Cir. 1982).

A government official is entitled to qualified immunity under Section 1983 unless

"(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of

their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby,* ___

U.S. ___, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664

(2012)). A right is "clearly established" when existing precedent places the "statutory or

constitutional question beyond debate" such that every reasonable officer would

understand that the conduct violated that right. *Reichle*, 566 U.S. at 664.

When qualified immunity is reviewed in the context of a defense motion for

summary judgment, the evidence must be considered in the light most favorable to the

plaintiff with respect to central facts.  *Tolan v. Cotton,* 572 U.S. 650, 657 (2014) (per

curiam). If there is a genuine issue of material fact concerning both: (1) Whether it

would be clear to a reasonable officer that their conduct was unlawful under the

circumstances they confronted, and (2) Whether the defendant's conduct violated a

constitutional right, then summary judgment granting qualified immunity is not

appropriate. *Bonivert v. City of Clarkston,* 883 F.3d 865, 871-72 (9th Cir. 2018).

1. <u>Access to the Courts</u>

The Court should dismiss plaintiff's access to courts claim because plaintiff has

not demonstrated that defendants frustrated a nonfrivolous legal claim.

Inmates have a "constitutional right of access to the courts." *Cornett v. Donovan*,

51 F.3d 894, 897 (9th Cir. 1995). There are two distinct categories of access to court

claims. *First Amendment Coal. Of Ariz., Inc., v. Ryan*, 938 F.3d 1069, 1080 (9th Cir. 2019). The first type of claims involves the denial of adequate legal assistance to prisoners such that the prisoner is prevented from challenging their sentence or condition of confinement. *Ryan*, 938 F.3d at 1080. The second category arises when officials in a correctional facility actively interfere with a prisoner's right to litigate. *Ryan*, 938 F.3d at 1080.The right of access to the courts does not guarantee any particular method or access, rather a correctional facility must confer the capability to bring a non-frivolous legal action challenging a sentence or condition of confinement. *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

To prevail on a cause of action for denying access to the courts, a prisoner must show some actual injury resulting from the alleged denial of access. *Lewis v. Casey*, 518 U.S. 343, 348-49 (1996). Actual injury means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. "Failure to show that a 'nonfrivolous legal claim had been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353).

Plaintiff's access to court claim arises from defendants' conduct between August 21, 2018 and August 31, 2018, which plaintiff contends interfered with his ongoing civil action. Dkt. 21 at 3-6. The complaint contends that due to the defendants' alleged conduct plaintiff was not able to timely file a reply in support of plaintiff's motion for enlargement of time and continuance. Dkt. 21 at 3-4. The complaint also alleges that defendants interfered with plaintiff's ability to participate in a telephonic hearing related to the same motion. Dkt. 21 at 3-4.

1    The civil action underlying the complaint was a case before the Spokane County

2    Superior Court identified by case number 2018-2-02385-2. Dkt. 68, Letter from Spokane

3    County Superior Court (06/15/2018) (Exhibit 1) at 49; Dkt. 68, Notice of Hearing

4    (08/1/2018) (Exhibit 2) at 52; Dkt. 68, Order Granting Defendants' Motion to Dismiss

5    with Prejudice (Exhibit 7) at 68-69; Dkt. 68, Court Docket (Exhibit 11) at 79-80. The

6    Spokane County Superior Court dismissed plaintiff's action with prejudice. Dkt. 68-69,

7    Order Granting Defendant's Motion to Dismiss with Prejudice (Exhibit 7) at 68-69. In

8    dismissing the case, the Court considered plaintiff's reply in support of the motion for

9    enlargement of time and motion for continuance – the documents that plaintiff alleges

10   defendants prevented him from filing in a timely manner. Dkt. 68 at 68-69.

11   The court held that it was unnecessary to rule on plaintiff's motion for

12   enlargement of time and plaintiff's motion to continue because "[t]here is no set of facts

13   which would entitle plaintiff to relief, therefore, neither an enlargement of time nor a

14   continuance will assist in the resolution or defense of defendants' motion." Dkt. 68 at 68-

15   69. Further, the court found that no set of facts existed entitling plaintiff to relief because

16   plaintiff claims were past the statute of limitations and because plaintiff's claims were

17   barred by the doctrine of res judicata. Dkt. 68 at 68-69.

18   Based on the record before the Court, plaintiff has failed to show that defendants'

19   conduct frustrated a nonfrivolous legal claim or that plaintiff suffered actual prejudice.

20   The court did not dismiss plaintiff's claims because of plaintiff's failure to timely file a

21   reply or because plaintiff did not appear for a hearing. The court dismissed plaintiff's

22   claims because the claims were barred by the relevant statute of limitations and as

23   barred by the doctrine of res judicata – because plaintiff's complaint was identical to a

24

25

previous complaint which had been dismissed on the merits. Accordingly, plaintiff's complaint was frivolous and was not frustrated by defendants' alleged interference.

Plaintiff contends that disputed issues of fact exist regarding the policy in place for prisoners to file legal documents, policies in place regarding prisoners appearing for telephonic hearings, and how the defendants' applied these policies to plaintiff's case. Dkt. 65, Statement of Disputed Factual Issues; Dkt. 68, Plaintiff's Response to Motion for Summary Judgment. Even if there was a genuine dispute of fact regarding defendants' conduct and the relevant policies in place, these questions of fact would not be material to this action. The Spokane County Superior Court considered plaintiff's pleadings and struck the telephonic hearing because the court found that no set of facts would entitle plaintiff to relief. The court's order dismissing plaintiff's complaint found plaintiff's claims to be frivolous as a matter of law, accordingly any alleged interference or policy did not frustrate plaintiff's claims.

Plaintiff also contends that the ruling dismissing his complaint was legal error. Dkt. 68. A Section 1983 action is not the appropriate venue to challenge the merits of a state court decision. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) ("Rooker-Feldman is a powerful doctrine that prevents federal courts from second guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state court judgments.").

Based on the foregoing, no genuine disputes of material fact remain regarding plaintiff's access to Court claims. The Court should grant defendants' motion for summary judgment because defendants' alleged conduct did not interfere with a non-

1  frivolous claim. Additionally, because plaintiff has failed to establish an access to court

2  claim, defendants are entitled to a finding of qualified immunity on this issue.

3      2.  Eighth Amendment

4      Plaintiff's Eighth Amendment claims should be dismissed because plaintiff's

5  complaint fails to allege facts showing that defendants placed plaintiff in inhumane

6  conditions of confinement or knowingly disregarded a risk to plaintiff's health or safety.

7      The Eighth Amendment's prohibition against cruel and unusual punishment

8  protects prisoners from inhumane methods of punishment and from inhumane

9  conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).

10  Prison officials therefore have a "duty to ensure that prisoners are provided adequate

11  shelter, food, clothing, sanitation, medical care, and personal safety."  *Johnson v. Lewis*,

12  217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

13      To establish an Eighth Amendment violation a prisoner must demonstrate that

14  they were subjected to an objectively serious deprivation amounting to the denial of

15  minimal civilized measures of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834

16  (1994). The prisoner must also establish that the prison officials acted with deliberate

17  indifference – knowingly disregarding an excessive risk to inmate health or safety.

18  *Farmer*, 511 U.S. at 837. A prison official is deliberately indifferent when the officials

19  was aware of facts from which they could infer that a substantial risk of serious harm

20  exists, and the official drew the inference but fails to take reasonable measures to avoid

21  the harm. *Farmer*, 511 U.S. at 837. Mere negligence on the part of a prison official is not

22  sufficient to establish liability, but rather, the official's conduct must have been wanton.

23  *Farmer*, 511 U.S. at 835.

24

25

Plaintiff's complaint alleges that the defendants interfered with plaintiff's ability to file a reply brief in a timely manner and interfered with plaintiff's ability to participate in a telephonic hearing. Plaintiff does not allege any facts related to the conditions of his confinement. The complaint does not allege that plaintiff faced any inhumane methods of punishment or inhumane conditions of confinement or threats to plaintiff's safety as a result of defendants' conduct. Accordingly, plaintiff's complaint fails to allege any facts supporting plaintiff's Eighth Amendment claims.

No disputed questions of fact remain regarding plaintiff's Eighth Amendment claim. Additionally, because plaintiff has failed to establish an Eighth Amendment violation, defendants are also entitled to a finding of qualified immunity on this issue.

3.  Fourteenth Amendment Claims

Plaintiff's complaint alleges that the defendants' conduct violated plaintiff's Fourteenth Amendment Rights. Dkt. 21 at 6-8. Plaintiff's complaint does not clarify whether plaintiff is attempting to raise a due process claim or equal protection claim under the Fourteenth Amendment. Plaintiff's complaint fails to allege facts supporting a Fourteenth Amendment claim under either theory of recovery.

To establish a procedural due process claim, plaintiff must show that (1) plaintiff has a property or liberty interest that defendants interfered with, and (2) defendants failed to use constitutionally sufficient procedures in depriving plaintiff of that right. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). To establish an equal protection claim, plaintiff must show "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citations omitted).

The only right that the complaint alleged defendants interfered with was the right to access the Courts. However, plaintiff's access to court claims fail because defendants did not interfere with a nonfrivolous claim. Accordingly, plaintiff's complaint does not identify a property or liberty interest that defendants interfered with. Further, plaintiff does not allege that he is a member of a protected class or that the defendants intentionally or purposefully discriminated against plaintiff based on membership in a protected class. Accordingly, plaintiff has failed to allege a viable equal protection claim.

The Court should grant defendants' motion for summary judgment on plaintiff's Fourteenth Amendment claims because there are no genuine questions of facts supporting plaintiff's claims. Additionally, because plaintiff has failed to establish a constitutional violation, the Court should also find that defendants are entitled to qualified immunity on plaintiff's Fourteenth Amendment claims.

4. <u>42 U.S.C. § 1985</u>

A plaintiff cannot state a claim that defendants engaged in a conspiracy to violate their Section 1985 rights unless they also allege a plausible underlying claim for deprivation of rights under Section 1983. *See, Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) ("the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations."), *cert. denied*, 493 U.S. 817 (1989). Plaintiff has failed to allege a Section 1983 claim, accordingly, plaintiff's Section 1985 claim is equally deficient.

5. <u>28 U.S.C. § 1915(g)</u>

Defendants' motion for summary judgment requests that the Court find that plaintiff's claims are both frivolous and malicious.

1    The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs IFP

2 proceedings. "To address concerns that prisoners proceeding IFP were burdening the

3 federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners

4 in an effort to discourage such suits." *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th

5 Cir. 2007) (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en

6 banc)). "[P]risoners who have repeatedly brought unsuccessful suits may entirely be

7 barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-

8 52. A dismissal -- with or without prejudice – for failure to state a claim, or for a

9 complaint that is frivolous or malicious, will constitute a strike under this statute.

10 *Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721, 1726-1727 (2020). Additionally, when an

11 order explicitly states that summary judgment is granted because the case is

12 frivolous, malicious or fails to state a claim, the dismissal counts as a strike. *El-*

13 *Shaddai v. Zamora*, 833 F.3d 1036, 1044-45 (9th Cir. 2016) ("The underlying

14 principle is that we must decide whether the case was disposed of because the

15 complaint was frivolous, malicious or failed to state a claim, regardless of how the

16 district court labels its decision.").

17    A claim is frivolous when it has no arguable basis in law or fact. *Martin v.*

18 *Sias*, 88 F.3d 774, 775 (9th Cir. 1996). A claim is malicious when it is filed with the

19 intent or desire to harm another. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir.

20 2005). The definition of failure to state a claim under the PLRA parallels the

21 standard under Fed. R. Civ. P. 12(b)(6) – dismissal is warranted "when the

22 allegations, taken as true, show that the plaintiff is not entitled to relief." *El-Shaddai*,

23 833 F.3d at 1043.

24

25

Plaintiff's access to the courts claim fails as a matter of law. The state court judgment made clear that plaintiff's claims were dismissed because plaintiff's claims were barred by the relevant statute of limitations and by the doctrine of res judicata – not because plaintiff filed a late reply and did not appear for a scheduled hearing. Further, the state court order held that no set of facts existed that would entitle plaintiff to relief. Accordingly, plaintiff was not prejudiced by defendants alleged conduct because plaintiff's underlying state law claim was frivolous.

Plaintiff's complaint alleges that defendants violated plaintiff's Eighth Amendment rights. The complaint does not identify how defendants' conduct allegedly violated the Eighth Amendment prohibition against cruel and unusual punishment. Plaintiff does not state facts alleging that plaintiff was housed in inhumane conditions or that the defendants knowingly disregarded an excessive risk to plaintiff's health or safety.

Plaintiff's Fourteenth Amendment claims also fail as a matter of law. Plaintiff's complaint does not identify any property or liberty interest that the defendants allegedly deprived plaintiff of without adequate procedures. Additionally, the complaint does not allege that defendants intentionally or purposefully discriminated against plaintiff based on plaintiff's membership in a protected class. Accordingly, plaintiff's Fourteenth Amendment claims do not have a reasonable basis in law or fact.

Because plaintiff's claims do not have a reasonable basis in law or fact, the Court should find that plaintiff's claims are frivolous for purposes of 28 U.S.C. § 1915(g).

<u>CONCLUSION</u>

For the reasons set forth herein, the Court should Order:

- Defendants' motion for summary judgment (Dkt. 58) is granted and plaintiff's claims are dismissed with prejudice;

- This action is dismissed as frivolous for purposes of 28 U.S.C. § 1915;

- Plaintiff's motion for extension of time (Dkt. 64) is denied;

- Plaintiff's motion to modify motion for summary judgment (Dkt. 71) is denied;

- Plaintiff's motion requesting to file supplemental pleading (Dkt. 72) is denied; and

- Plaintiff's motion for leave to file supplemental pleading (Dkt. 74) is denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **October 21, 2022**.

Dated this 4th day of October, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 21