1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   REGINALD WAYNE WILTON ,                    CASE NO. C21-5596 MJP

11                          Plaintiff,          ORDER ADOPTING REPORT AND
                                                RECOMMENDATION
12            v.

13   TOMAS FITHIAN, et al.,

14                          Defendants.

15

16          This matter comes before the Court on the Report and Recommendation ("R&R") of the

17   U.S. Magistrate Judge Theresa L. Fricke (Dkt. No. 77) and Plaintiff's Objections to the Report

18   and Recommendation (Dkt. Nos. 78, 82). Having reviewed the R&R, Plaintiff's Objections and

19   revised Objections, Defendants' Response to the Objections (Dkt. No. 79), Plaintiff's Reply

20   (Dkt. No. 80), and all supporting materials, the Court ADOPTS the R&R and OVERRULES the

21   Objections.

22          In addition, Plaintiff has filed a Motion Requesting to File Supplemental Pleadings (Dkt.

23   No. 81), a Motion to Alter or Amend or Vacate the Judgment (Dkt. No. 83), and a Motion for

24

1    Stay and Abeyance (Dkt. No. 84). The Court has considered these motions, Defendants'

2    Response (Dkt. No. 87), Plaintiff's Reply (Dkt. No. 88), and all supporting materials. The Court

3    GRANTS in part and DENIES in part the first motion (Dkt. No. 81), and DENIES the second

4    and third motions (Dkt. Nos. 83 and 84).

5                                    **BACKGROUND**

6          The R&R contains a detailed and succinct factual summary, which the Court adopts and

7    to which the Court refers the reader. (See Dkt. No. 77 at 1-4.) In brief, Plaintiff alleges that while

8    he was housed at Stafford Creek Correctional Center, Defendants impeded his ability to litigate a

9    civil action he filed in Spokane County Superior Court in 2018. He alleges that he was denied the

10   ability to file a reply brief and to appear at a telephonic hearing on a motion to dismiss filed by

11   defendants in the 2018 lawsuit. After Plaintiff did not appear for the telephonic hearing, the

12   superior court ruled on the matter without oral argument and concluded that the lawsuit was

13   barred by the statute of limitations and based on res judicata. The res judicata determination

14   turned on the fact that Plaintiff had filed an identical lawsuit in the same court in 2015, which

15   resulted in summary judgment being entered in the defendants' favor.

16         Through this federal action, Plaintiff alleges that Defendants: (1) violated his First

17   Amendment right to access the courts, (2) violated the Eighth Amendment; (3) violated the

18   Fourteenth Amendment; and (4) violated 42 U.S.C. § 1985 by conspiring to interfere with his

19   civil rights.

20         The R&R recommends entry of summary judgment in Defendants' favor on all four

21   claims. (Dkt. No. 77.) As to Plaintiff's right of access claim, the R&R concludes that no set of

22   facts exist to show that Defendants impeded Plaintiff's ability to pursue nonfrivolous claims. (Id.

23   at 10-16.) The R&R also concludes that the alleged interference with his ability to litigate do not

24

1  amount to a violation of the Eighth Amendment and that Defendants would also be entitled to

2  qualified immunity. (Id. at 16-17.) As to the Fourteenth Amendment, the R&R concludes that

3  Plaintiff has identified no due process or equal protection violation. (Id. at 17-18.) And as to the

4  conspiracy claim, the R&R concludes that it fails in the absence of any actionable civil rights

5  violations under Section 1983. (Id. at 18.) In reaching this determination, the R&R also

6  recommends rejecting Plaintiff's request under Federal Rule of Civil Procedure 56(d) for

7  additional time to engage in discovery, finding that the discovery would not save the claims. (Id.

8  at 4-7.) The R&R also recommends denial of Plaintiff's request for oral argument, his request for

9  leave to file supplemental pleadings and briefing, and his request to deny Defendants' underlying

10  motion for summary judgment for lack of notice. (Id. at 7-10.) The R&R also recommends

11  finding under 28 U.S.C. § 1915(g) that Plaintiff's claims are frivolous because they lack a basis

12  in law or fact. (Id. at 18-20.)

13          Plaintiff objects to the R&R's conclusions regarding his request to continue the motion

14  for summary judgment under Fed. R. Civ. P. 56(d) to allow for more discovery. (Dkt. No. 82 at

15  2- 8.) Plaintiff also objects to the substance of the R&R's determination concerning his

16  constitutional right of access to the courts and his Fourteenth Amendment claims. (Id. at 15-17.)

17  But Plaintiff asserts that his Eighth Amendment and conspiracy claims have "become . . . moot

18  issue[s]" and the Court finds that Plaintiff has provided no objection to dismissal of the claims.

19  (Id. at 16-17.) Plaintiff does not object to the R&R's conclusions as to his request for oral

20  argument, and to file supplemental pleading. (Id. at 8-9.) But Plaintiff challenges the R&R's

21  recommendation that the claims be deemed frivolous pursuant to 28 U.S.C. § 1915(g).

22

23

24

1

**ANALYSIS**

2

**A.    Legal Standards**

3

Under Federal Rule of Civil Procedure 72, the Court must resolve <u>de novo</u> any part of the

4

Magistrate Judge's Report and Recommendation that has been properly objected to and may

5

accept, reject, or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); <u>see also</u> 28

6

U.S.C. § 636(b)(1).

7

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on

8

file, and any affidavits show that there is no genuine issue as to any material fact and that the

9

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether

10

an issue of fact exists, the Court must view all evidence in the light most favorable to the

11

nonmoving party and draw all reasonable inferences in that party's favor. <u>Anderson v. Liberty</u>

12

<u>Lobby, Inc.</u>, 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is

13

sufficient evidence for a reasonable factfinder to find for the nonmoving party. <u>Id.</u> at 248. The

14

moving party bears the initial burden of showing that there is no evidence which supports an

15

element essential to the nonmovant's claim. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

16

Once the movant has met this burden, the nonmoving party then must show that there is a

17

genuine issue for trial. <u>Anderson</u>, 477 U.S. at 250. If the nonmoving party fails to establish the

18

existence of a genuine issue of material fact, "the moving party is entitled to judgment as a

19

matter of law." <u>Celotex</u>, 477 U.S. at 323-24.

20

**B.    Access to Courts Claim**

21

The Court finds no flaw in the R&R's conclusion that Plaintiff has not provided sufficient

22

evidence to support a First Amendment claim for wrongful denial of access to the courts. As the

23

R&R explains, a right of access claim may be premised on allegations that officials in a

24

1  correctional facility actively interfered with a prisoner's right to litigate. (R&R at 13 (citing First

2  Amendment Coal. Of Ariz., Inc., v. Ryan, 938 F.3d 1069, 1080 (9th Cir. 2019).) But the right of

3  access to the courts does not guarantee any particular method or access, just that the correctional

4  facility confers the capability of bringing a nonfrivolous legal action. Phillips v. Hust, 588 F.3d

5  652, 655 (9th Cir. 2009).

6        Plaintiff argues that the R&R erred in concluding that "plaintiff has failed to show that

7  defendants' conduct frustrated a nonfrivolous legal claim or that plaintiff suffered actual

8  prejudice." (R&R at 14.) Plaintiff does not challenge the R&R's conclusion that he was not

9  prevented from filing a reply brief. (R&R at 14.) Instead, he contends that he was prevented from

10  appearing at the hearing on the defendants' motion to dismiss in the 2018 lawsuit, where he

11  intended to advance arguments that this second lawsuit was not barred by the statute of

12  limitations or res judicata (two independent bases for dismissal). Specifically, Plaintiff argues

13  that he would have invoked equitable tolling to counter the statute of limitations defense. (Dkt.

14  No. 82 at 15.) And he would have argued that the basis for the dismissal of his original action

15  was improperly premised on an unconstitutional statute which he believes would have rendered

16  res judicata inappropriate. (Id. at 15-16.) Even if the Court accepts the possibility that equitable

17  tolling could have saved Plaintiff's untimely claims, the Court finds no merit in Plaintiff's res

18  judicata argument. The doctrine of res judicata bars to the second lawsuit Plaintiff filed because

19  it was identical to the prior-filed suit. (See R&R at 14); Roberson v. Perez, 156 Wn.2d 33, 41 n.7

20  (2005) (noting that doctrine of res judicata prevents the same parties from relitigating a claim

21  that was raised or could have been raised in an earlier action). This rendered Plaintiff's second

22  lawsuit legally improper, even if he could have convinced the superior court to equitably toll the

23  statute of limitations. If Plaintiff believed that the court's decision on his first lawsuit was

24

1    erroneous (i.e., based on an unconstitutional statute), he should have appealed the decision,

2    rather than file a serial lawsuit. Plaintiff has identified no reason why <u>res judicata</u> would not bar

3    his second lawsuit even if the decision on the merits of his first lawsuit was improper. So while

4    Plaintiff should have been able to attend the hearing on the motion to dismiss, his inability to do

5    would not have altered the underlying decision on his second lawsuit. The Court therefore

6    OVERRULES the objections and ADOPTS the R&R's analysis of the right of access claim.

7            The Court also agrees with the R&R's denial of the Plaintiff's request for a continuance

8    under Federal Rule of Civil Procedure 56(d). Plaintiff sought to delay a ruling on Defendants'

9    motion for summary judgment so that he could obtain a response to a public records request and

10   to obtain additional discovery from Defendants concerning the hearing on the motion to dismiss

11   in the second lawsuit. The problem with Plaintiff's argument is that none of the discovery he

12   seeks would prevent summary judgment in Defendants' favor on his right of access claim. Even

13   if Plaintiff could prove that Defendants impeded his ability to appear at the hearing, he cannot

14   show that this would have altered the decision dismissing his second lawsuit. <u>See</u> <u>Qualls v. Blue</u>

15   <u>Cross of Cal., Inc.</u>, 22 F.3d 839, 844 (9th Cir. 1994) (noting that the party seeking a continuance

16   must show that the discovery sought would preclude summary judgment). As such, the

17   additional discovery would not save the claim, and the R&R was correct in recommending that

18   the continuance be denied. (<u>See</u> R&R at 4-7.) The Court OVERRULES the objections and

19   ADOPTS the R&R as to the request for continuance.

20   **C.      Fourteenth Amendment**

21           Plaintiff objects to the R&R's conclusion that he has not stated a claim under the

22   Fourteenth Amendment. He argues that the R&R failed to construe his claim as a substantive due

23   process claim, and merely found it lacking as a procedural due process or equal protection claim.

24

1   (Dkt. No. 82 at 17.) As Plaintiff notes, "prisoners also have a right, protected by the First

2   Amendment right to petition and the Fourteenth Amendment right to substantive due process, to

3   pursue legal redress for claims that have a reasonable basis in law or fact." Silva v. Di Vittorio,

4   658 F.3d 1090, 1103 (9th Cir. 2011) (citation and quotation omitted) overruled on other grounds

5   as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015); (Dkt. No. 82 at 17). The

6   problem with Plaintiff's argument is that his second lawsuit lacked a reasonable basis in law,

7   given that it was barred by the statute of limitations and res judicata. This is true even if the

8   Court assumes, for the sake of argument, that Defendants impeded his ability to appear at the

9   hearing on the motion to dismiss his second lawsuit where he intended to challenge the res

10  judicata and statute of limitations defenses. So even if the R&R failed to properly construe

11  Plaintiff's Fourteenth Amendment, Plaintiff has not shown that the claim can survive summary

12  judgment. The Court OVERRULES the objections and ADOPTS the R&R on the Fourteenth

13  Amendment claim.

14  **D.      28 U.S.C. § 1915(g)**

15          Plaintiff objects to the R&R's recommendation that the Court find Plaintiff's claims

16  frivolous under 28 U.S.C. § 1915(g) because they do not have a reasonable basis in law or fact.

17  Plaintiff has not convinced the Court that his claims have a reasonable basis in law or fact. As

18  the R&R correctly concludes, the second lawsuit Plaintiff filed in superior court was dismissed

19  on legal grounds that could not be overcome even if Plaintiff had been able to appear at the

20  hearing to argue his contrary positions. Nothing Plaintiff could have argued would have rendered

21  the second lawsuit meritorious. As a result, the claims he asserts in this federal action lack any

22  basis in law and are frivolous. The Court OVERRULES the Objections and ADOPTS the R&R

23  on this issue.

24

1    **E.    Additional Motions**

2          In addition to filing Objections, Plaintiff has asked for leave to file "supplemental

3    pleadings" (Dkt. No. 81), for the Court to alter, amend, or vacate the judgment (Dkt. No. 83),

4    and to stay pending appeal (Dkt. No. 84). The Court reviews these motions.

5          First, Plaintiff's motion to file supplemental pleadings appears to be a request to

6    substitute a revised version of the Objections to the R&R that he filed. While the Court finds no

7    basis to allow this revised version of the Objections, the Court has considered the revised

8    Objections and GRANTS the Motion. And although Plaintiff filed his Objections after the

9    deadline, the Court accepts them as timely filed in order to rule on their merits and in the absence

10   of any prejudice to Defendants. But to the extent that Plaintiff seeks to file an amended

11   complaint, the Court finds no grounds to allow such a request given the decision on summary

12   judgment and DENIES the motion to the extent it seeks that relief.

13         Second, because no judgment has been entered in this case, Plaintiff's request to alter,

14   amend, or vacate the judgment is premature and improper. While a judgment will issue with this

15   Order, Plaintiff identifies no proper basis to alter it. The Court DENIES the Motion. To the

16   extent that Plaintiff wishes to appeal the Court's decision, he may do so by filing a notice of

17   appeal with the District Court within 30 days of entry of judgment. See Fed. R. App. P. 4(1)(A).

18         Third, Plaintiff asks the Court to stay entry of judgment in this case pending appeal.

19   Plaintiff also suggests that the stay would serve part of a "remedial solution to resolve his now

20   new state claims that remain unaddressed and which also have bearing on his federal claims in

21   the present case. . . ." (Dkt. No. 84 at 2.) The Court has difficulty in understanding the basis for

22   this request. It is unclear what the "state claims that remain unaddressed" are and why the Court

23   should stay entry of judgment this independent, federal action. Regardless, the Court finds no

24

1  basis to stay entry of judgment. As explained above, Plaintiff may still appeal this Order and the

2  Court sees no reason why a stay of judgment would be necessary to serve that purpose. The

3  Court DENIES the Motion.

4  **CONCLUSION**

5       While the Court has accepted and reviewed Plaintiff's revised Objections, it finds no

6  merit in them. And except for permitting the filing of the revised Objections, the Court finds no

7  merit in the additional motions Plaintiff has filed. The Court therefore OVERRULES the

8  Objections and ADOPTS the R&R and enters summary judgment in Defendants' favor on all

9  claims. Judgment shall be separately entered.

10       The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

11       Dated December 22, 2022.

12

13  Marsha J. Pechman
United States Senior District Judge