|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE |
| REGINALD WAYNE WILTON, | CASE NO. C21-5596 MJP |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS |
| v. | |
| TOMAS FITHIAN, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. No. 99) and Motion Requesting Adoption by Reference (Dkt. No. 101). Having reviewed the Motions, Defendants' Response to the Motion Requesting Adoption by Reference (Dkt. No. 102), Plaintiff's Reply (Dkt. No. 103), and all supporting materials, the Court DENIES both Motions.

## ANALYSIS

### A. Motion for Reconsideration

Under the Local Civil Rules, "[m]otions for reconsideration are disfavored." Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

As an initial matter, the Court notes that it has only considered the first twelve pages of Plaintiff's Motion for Reconsideration. As the Court made clear to Plaintiff, motions for reconsideration are normally limited to six pages under the Local Civil Rules. (See Order on Motion for Extension of Time and Motion For Leave to File Over-Length Brief at 2 (Dkt. No. 98).) The Court granted Plaintiff twice that page limit, and warned Plaintiff that "the Court will not consider any briefing that exceeds this page limit." (Id.) Disregarding the Order, Plaintiff filed a Motion for Reconsideration that is twenty-seven pages long. Consistent with the Court's prior Order, the Court has not and will not consider any arguments presented after the twelfth page of Plaintiff's Motion for Reconsideration.

Plaintiff seeks reconsideration of the Court's Order adopting the Report and Recommendation (Dkt. No. 89). Within the first twelve pages, Plaintiff makes two arguments: (1) the Court failed to assess his access to court claim under the Fourteenth Amendment; and (2) the Court erred in concluding that his second underlying lawsuit would have been barred by res judicata. Neither argument has merit.

First, Plaintiff argues that the Court failed to consider his access to courts claim he brought under the Fourteenth Amendment. The Court did consider that claim and found it lacked merit. (See Order Adopting the Report and Recommendation at 6-7.) Plaintiff has failed to show

any manifest error in that decision and he has not identified any new authority or facts that he could not have identified earlier.

Second, Plaintiff argues that the Court incorrectly concluded that res judicata would have barred his second lawsuit because he views the grant of summary judgment against him as a dismissal without prejudice. Plaintiff misapprehends the law. A grant of summary judgment that fully disposes of an action is a final, appealable order, as the authority Plaintiff cites makes clear. See Williamson v. UNUM Life Ins. Co. of Am., 160 F.3d 1247, 1250 (9th Cir. 1998) (but noting that absent special circumstances "partial summary judgment orders do not dispose of all claims and do not end the litigation on the merits" and are therefore not final, appealable orders). Here, the evidence submitted to the Court shows that summary judgment was granted in the defendants' favor on all of Plaintiff's claims, which constitutes a final decision on the merits. (Ex. A to Mot. for Reconsideration (Dkt. No. 99 at 30-31).) This was not a dismissal without prejudice. Plaintiff has failed to show any manifest error in this aspect of the Court's decision and he has not identified any new authority or facts that he could not have identified earlier.

The Court therefore DENIES the Motion for Reconsideration.

**B.     Motion Requesting Adoption by Reference**

Through his Motion Requesting Adoption by Reference, Plaintiff has submitted four additional pages of argument asking the Court to consider his notice of supplemental authority and additional exhibits. (Dkt. No. 101.) To the extent that Plaintiffs' Motion Requesting Adoption by Reference contains argument that Plaintiff wishes the Court to consider in deciding his Motion for Reconsideration, the Court DENIES it because he has already exceeded the twelve pages allowed for his Motion for Reconsideration. Additionally, the supplemental authority Plaintiff cites to was decided in 1995. See In re Dependency of Grove, 127 Wn.2d 221

(1995). This is not properly considered supplemental authority under the Local Civil Rules because it was not "issued after the date the party's last brief was filed." See Local Civil Rule 7(n). Plaintiff could have cited to the case in earlier briefing and there is no proper basis to consider it. The Court therefore DENIES the Motion Requesting Adoption by Reference in full, including as to the purported supplemental authority.

## CONCLUSION

Plaintiff has failed to identify any manifest error in the Court's Order Adopting the Report and Recommendation or any other basis on which to grant reconsideration. The Court DENIES the Motion for Reconsideration and the Motion Requesting Adoption by Reference. The are no further issues pending before this Court and Plaintiff shall proceed with his appeal.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated March 10, 2023.

Marsha J. Pechman
United States Senior District Judge